IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: AUGUST 27, 2008
08CV4902
JUDGE KOCORAS
MAGISTRATE JUDGE ASHMAN
PH

| | |
|---|---|
| **CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY,** | )<br>)<br>) |
| **Plaintiff,** | ) |
| v. | )  Case No.: |
|  | ) |
|  | )  Judge: |
| **GEORGE W. KENNEDY CONSTRUCTION CO., INC.** | )<br>)  Magistrate Judge: |
|  | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff Construction and General Laborers' District Council of Chicago and Vicinity ("District Council"), on its own behalf and on behalf of the trustees of the District Council Labor-Management Cooperation Committee ("LDC/LMCC"), and the Laborers-Employers Cooperation Education Trust ("LECET"), for its Complaint against Defendant GOEBEL FORMING, INC., for their failure to timely remit wage deductions to the District Council and certain employer contributions, states:

**COUNT I**
**FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS**
**AND EMPLOYER CONTRIBUTIONS IN VIOLATION OF LMRA SECTION 301**

1.     The District Council is a labor organization within the meaning of the Labor Management Relations Act ("LMRA") Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

2.     The LDC/LMCC and LECET are labor-management cooperation committees that maintain their principal offices in this district. The LDC/LMCC and LECET are funded primarily by employer contributions required by collective bargaining agreements negotiated by

the District Council. The trustees of the LDC/LMCC and LECET have authorized the District Council to act on behalf of the LDC/LMCC and LECET for purposes of collecting contributions owed, and the District Council brings this action on their behalf. (LDC/LMCC and LECET will be referred to collectively as "the Affiliated Organizations")

3. Defendant GOEBEL FORMING, INC. ("Defendant Company"), conducts business within this district and is incorporated in this state. Defendant Company is an employer within the meaning of LMRA Section 101(a), 29 U.S. C. § 152(2).

4. Jurisdiction and venue are properly vested in this Court under LMRA Sections 301(a) and (c), 29 U.S.C. §185(a) & (c).

5. The District Council has maintained successive labor agreements with Defendant Company, the most recent of which is effective by its terms from June 1, 2006 to May 31, 2010 (the "Agreement").

6. Under the Agreement, Defendant Company is obligated to (a) deduct initiation fees and monthly dues from its employees' wages pursuant to a written assignment from its employees, in amounts designated by the District Council, and (b) remit them to the District Council not later than the tenth day of the following month, along with dues remittance reports. Employers who fail to remit union dues are also liable to pay an additional 10% in liquidated damages to the District Council and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

7. Pursuant to the Agreement, Defendant Company is bound by the Affiliated Organizations' governing trust documents and is obligated to pay contributions for each hour worked by its employees to the Affiliated Organizations. Defendant Company is required to remit contributions to the District Council for transmittal to the Affiliated Organizations along with a remittance report.

8. Pursuant to the Affiliated Organizations' governing trust documents, employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated

damages, and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

9. For various months since about April 2008 and continuing through the present, Defendant Company has failed to properly and timely deduct union dues from employees' wages and remit those dues and industry fund contributions to the District Council.

10. By the aforementioned conduct, Defendant Company has breached the Agreement in violation of Section 301 of the LMRA and have caused damage to the District Council and the Affiliated Organizations, including lost earnings and administrative costs.

WHEREFORE, based on Count I of this Complaint, Plaintiff respectfully requests that this Court enter judgment against Defendant, GOEBEL FORMING, INC., containing the following relief:

(a) ordering GOEBEL FORMING, INC., to pay all unremitted union dues and industry trust fund contributions required by the Agreement, as well as 10% as liquidated damages;

(b) ordering GOEBEL FORMING, INC., to pay all liquidated damages and shortages previously accrued;

(c) ordering GOEBEL FORMING, INC., to pay all costs of collection, including reasonable audit fees, attorneys' fees and costs;

(d) ordering GOEBEL FORMING, INC., to remit all future dues and industry trust fund contributions on a timely basis; and

(e) ordering such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Michele M. Reynolds

_____
Michele M. Reynolds
One of Plaintiff's Attorneys

Michele M. Reynolds
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361